## A. M. EVARTS v. TOWN OF MIDDLEBURY.*

*Expert Evidence.    Highway.    Contributory Negligence.*

In an action to recover for injuries to a horse occasioned through the insufficiency of a winter road, where the town claimed contributory negligence, in that the horse was not properly shod, at the time of the accident, and its shoes being exhibited on the trial before the jury, *a blacksmith was allowed to give his judgment whether the shoes were fit for summer, or winter use.    Held,* admissible; and that it was not a question of *expert testimony.*

CASE for damages occasioned by the insufficiency of highway. Plea, the general issue, and trial by jury, December Term, 1878, PIERPOINT, Ch. J., presiding.

The defendant claimed that the plaintiff was guilty of contributory negligence in not having his horses properly shod.    To support the claim in that direction, the defendant introduced in evidence the shoes that were on the feet of the horse that was killed in going over the bank ; and to further support defendant's claim in this direction, one Loring Howard, a blacksmith, and accustomed to shoeing of horses, as it appeared, was introduced as a witness, and upon being shown the shoes above mentioned, testified that they sharpened summer corks as sharp as those

---

* Heard at the January Term, 1880.

on the shoes in question for summer use, or a great many of them ; that he should *judge that the corks were put on for summer, not for winter ; that they were too dull altogether for winter use.* To the admission of this evidence plaintiff duly objected, but his objections were overruled and the testimony admitted ; to which plaintiff excepted.

The court charged the jury that if plaintiff was guilty of negligence in the slightest degree contributing to the accident, that plaintiff could not recover.

*C. F. Kingsley,* for the plaintiff.

The testimony was an expression of opinion. *Gilman* v. *Strafford,* 50 Vt. 723–5 ; *Crane* v. *Northfield,* 33 Vt. 124–6 ; 10 Am. Law Reg. 594 N. S. ; as expert testimony inadmissible ; *Clifford* v. *Richardson,* 18 Vt. 620 ; *Lester* v. *Pittsford,* 7 Vt. 61 ; 29 Vt. 409 ; 45 Vt. 430 ; 14 Am. Law Reg. 55, N. s., (where a brakeman was excluded) ; nor will the rule in 1 Smith's Lea. Ca. part 2, 722, admit it ; the field of expert testimony is not to be extended. 43 N. Y. 280.

*J. W. Slade,* for defendant.

What the blacksmith said was not an expression of opinion. *Fulsome* v. *Concord,* 46 Vt. 140 ; but if so, it was admissible. *Carter* v. *Boehm,* 1 Smith's Lead. Cas. 286 ; *Dean* v. *McLean,* 48 Vt. 412 ; *Bixby* v. *Montpelier & St. J. R. R. Co.,* 49 Vt. 126 ; Graham & Waterman on New Trials, 634, 638, 651.

The opinion of the court was delivered by

BARRETT, J. In this case the court does not find occasion or need to review the cases involving questions as to expert testimony, either for the purpose of defining such testimony, or of stating the rules to which it is subjected in application.

To the extent to which the witness testified as an expert, as the court understand and construe the exceptions, objection seems hardly to be made in the argument. Plaintiff's counsel seems to regard the exceptions as presenting the witness, testifying as an expert, " whether the horse was too smoothly shod to properly

manage a load of lumber on a mountain road." The court regard the witness to have testified in his character of a blacksmith " accustomed to shoeing of horses," only on the question whether the shoes as presented had been prepared for summer or winter use. It is agreed that the shoes were properly exhibited in evidence. It was assumed on the trial and not questioned in this court, that a different corking of shoes is practiced for summer from that for winter use. This was familiar to the witness in his business as a blacksmith. He expressed the opinion that the corks were put on for summer and not for winter use. The *bite* of the objection is in what follows, " that they were too dull altogether for winter use." It is not shown that he was asked his opinion of the fitness of the shoes at the time and place of the accident, or that he expressed any opinion on that subject. We understand that last clause of the testimony to have been uttered by the witness by way of description, as showing the difference between summer and winter shoes. As bearing on the question of want of requisite care on the part of the plaintiff, it was proper to show whether or not he had made any preparation for such use of the horses as he put them to at the time of the accident. There were the shoes, showing for themselves. Whether plaintiff was chargeable with want of care in that respect, might be affected by what had foregone on his part. The season having passed into winter, and the surface having changed accordingly, it would be natural and sensible to inquire whether the shoes had been changed to accord with the changed surface ; and if it should be found that they had not, that fact would be for consideration in connection with the exhibited shoes in passing on the subject of requisite care. If it had appeared that they had been prepared for winter use, the fact of the dullness, or any insufficiency of the corks at the time of the accident, might have a very different consideration as bearing on that subject from what it would be entitled to if they had not been so prepared.

The naked fact of the dullness of the corks would not, under the circumstances, be conclusive on that subject. The circumstances attending such dullness might be necessary in order to have it appear whether that dullness was the result of negligence in that

respect, or had come to pass without such negligence. The care required in this class of cases, is such as prudent men are accustomed to exercise under like circumstances. In order to judge on that point, something more than the mere fact of dullness might be important. How did that condition of the shoes happen to exist at that time ? would be foremost to be asked, by most men charged with the duty of determining, whether it was in the exercise of the care which characterizes prudent men. It is not our province to evoke error in the trial by *curious criticism* or *conjectural construction*. So it is repeated, that, as this court understand the exceptions, the evidence given by the witness does not fall within the category to which the objection taken and urged is applicable, viz., the enacting by the witness what it is the sole province of the jury to do. Judgment affirmed.